IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LOUNNA MARCIUS : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | NO. 1:14-CV-881-TWT-ECS |
| : | |
| WELLS FARGO BANK, N.A.; : | |
| ALDRIDGE CONNORS, LLP; : | |
| BUCKHEAD MORTGAGE ASSOCIATES, : | |
| INCORPORATED, a/k/a Buckhead : | |
| Home Loans : | |
| : | |
| Defendants. : | |

**O R D E R**

Plaintiff Lounna Marcius, proceeding pro se, initiated this action on March 27, 2014, by filing a complaint asserting a number of claims arising from the alleged foreclosure of her real property. [Doc. 1]. On April 16, 2014, Defendants Buckhead Mortgage Associates, Inc. ("Buckhead Mortgage") and Aldridge Connors, LLP ("Aldridge Connors") separately filed motions to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Docs. 3, 6]. On April 23, 2014, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") also filed a Rule 12(b)(6) motion to dismiss. [Doc. 10].

This matter is presently before the Court on Plaintiff's motion to extend the time to respond to Defendants' motions to dismiss, which Plaintiff filed on May 8, 2014. [Doc. 13]. Plaintiff states

that she is "currently interviewing for a competent Attorney to represent her," and she seeks an additional twenty-one days to respond to the motions to dismiss. [Id. ¶¶ 4, 9]. The fourteen-day period for Defendants to file their responses has not yet passed, but Plaintiff's response to the first two motions to dismiss was due on May 3, 2014, and her response to the third motion to dismiss was due on May 12, 2014. See Fed. R. Civ. P. 6(d); LR 7.1B, NDGa.[1]

Rule 6 of the Federal Rules of Civil Procedure provides that, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

> [I]n applying Rule 6(b), the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 391-92, 113 S. Ct. 1489, 1496 (1993) (footnotes omitted).

Upon consideration, and in light of the fact that Plaintiff is

---

[1] On May 16, 2014, Plaintiff filed a response to the motion to dismiss filed by Aldridge Connors, see [Doc. 15], but she has yet to respond to the other two motions to dismiss.

attempting to obtain counsel, Plaintiff's motion for an extension of time, [Doc. 13], is **GRANTED**. The undersigned accepts Plaintiff's response to Aldridge Connors's motion to dismiss as timely filed. Plaintiff shall have until **June 15, 2014,** to file her responses to the motions to dismiss filed by Buckhead Mortgage and Wells Fargo, with or without counsel. Plaintiff is **DIRECTED** to file two separate responses, one for each remaining motion to dismiss, rather than a single omnibus response to both motions.

    **SO ORDERED**, this 19th day of May, 2014.

                                                s/ *E. Clayton Scofield III*
                                                E. CLAYTON SCOFIELD III
                                                UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)